UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MANUEL E. RIVAS,   CASE NO. 1:11-cv-21003-JLK

Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS OR
ALTERNATIVELY, FOR MORE DEFINITE STATEMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), Defendant Diversified Consultants, Inc. ("Diversified"), files this Motion to Dismiss or Alternatively, for More Definite Statement and states:

**I.     Background**

On March 23, 2011, Plaintiff filed a two-count Complaint against Diversified. The Complaint purports to allege a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") for harassment and abuse for unauthorized calls to a cellular telephone and a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(1)(A)(iii)("TCPA").

Diversified seeks dismissal or at least a more definite statement of the claim from Plaintiff requiring Plaintiff to provide further factual information. Absent additional

information, the Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). After receiving the Complaint, Diversified commenced an investigation of the allegations but has been unable to even confirm the existence of any account in the name of Plaintiff. Plaintiff makes no effort in the Complaint to provide the telephone number allegedly called, the name of the original creditor on the alleged debt at issue, or any account number. Information of this nature would enable Diversified to possibly locate an account, fully investigate the allegations in the Complaint, and admit or deny the material allegations.

## II.     Plaintiff Has Not Stated a Proper Claim

Plaintiff's Complaint should be dismissed or Plaintiff should be required to file a more definite statement identifying the alleged telephone number and account as well as detail all alleged collection activities that constitute violations under the FDCPA. A court should dismiss a complaint purporting to arise under the FDCPA for failing to state a claim upon which relief can be granted or grant a motion for more definite statement when the complaint is so vague or ambiguous that a defendant cannot reasonably prepare a response. *See Golman v. Wolpoff & Abramson, LLP*, 370 F.Supp.2d 1005, 1013 (N.D. Cal 2005)(reversed on other grounds)(FDCPA complaint dismissed for failing to detail the date and contents of a single call); *New Home Appliance Center, Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides

sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding); *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996) (noting that a complaint is subject to a 12(e) motion if the complaint does not provide a defendant with "a fair opportunity to frame a responsive pleading"). In this case, Diversified cannot frame a responsive pleading to Plaintiff's Complaint in good faith. Diversified has not even able to confirm the existence of any account in the name of Plaintiff.

Plaintiff appears to be a serial complaint filer with the assistance of his counsel. A review of PACER shows nine separate lawsuits filed in the Southern District of Florida against various defendants and relying on the FDCPA or TCPA. Those cases are as follows:

i. *Rivas v. Pentagroup Financial, LLC* (Case No. 0:07-cv-61734-WPD);

ii. *Rivas v. Credit Management Control, Inc.* (Case No. 0:08-cv-60090-CMA);

iii. *Rivas v. Northstar Location Services, LLC* (Case No. 0:08-cv-60187-UU);

iv. *Rivas v. The Law Office of Sidney Mickell* (Case No. 0:08-cv-61310-WJZ);

v. *Rivas v. Receivables Performance Management, LLC* (Case No. 0:08-cv-61312-JAL);

vi. *Rivas v. NCO Financial Systems, Inc.* (Case No. 0:09-cv-61628-PAS);

vii. *Rivas v. Denovus Corporation, Ltd.* (Case No. 1:10-cv-22070-JLK);

viii. *Rivas v. United Recovery Systems, LP* (Case No. 1:10-cv-22462-DLG); and

    ix.    *Rivas v. Wood Law P.C. d/b/a The Law Firm of Riddle & Wood* (Case No. 1:11-cv-20438-FAM).

For this reason, it is even more critical that Plaintiff provide adequate information. Without that information, Diversified is unable to advise Plaintiff if the Complaint has named the wrong Defendant; Diversified is unable to frame a possible motion for sanctions for filing a pleading without a factual basis; and Diversified might be subject to extensive and expensive litigation without any initial opportunity to completely evaluate the underlying merits of Plaintiff's Complaint.

### III. Conclusion

For all the foregoing reasons, Diversified respectfully submits that Plaintiff's Complaint is so vague and ambiguous that Diversified is unable to frame a response in good faith and without prejudice. Accordingly, Diversified submits that this Court should enter an order dismissing the Complaint and/or requiring Plaintiff to file a more definite statement, including specifically the telephone number or account or accounts at issue and all activities that are alleged to constitute violations of the law.

          MILAM HOWARD NICANDRI
          DEES & GILLAM, P.A.

By: /s/ Robert M. Dees
    Peter E. Nicandri
    Florida Bar No. 823090
    Robert M. Dees
    Florida Bar No. 714399
    14 East Bay Street
    Jacksonville, Florida 32202
    rdees@milamhoward.com
    Tel: (904) 357-3660
    Fax: (904) 357-3662

Attorneys for Defendant Diversified Consultants, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the U.S. District Court, Southern District of Florida, via CM/ECF, with a copy electronically delivered through CM/ECF to Donald A. Yarbrough, Esq., Post Office Box 11842, Fort Lauderdale, Florida 33339, on this 2nd day of May, 2011.

/s/ Robert M. Dees
    Attorney